## Sams v. Gray.

(Decided December 19, 1913).

### Appeal from Knox Circuit Court.

Appeal—Bill of Exceptions—Necessity—Error of Court in Suspending Trial.—An error of the court in suspending the trial of a case and taking up the trial of other cases before juries some of the members of which are jurors in the suspended trial, can not be reviewed unless shown by the bill of exceptions.

B. B. GOLDEN for appellant.

J. M. ROBSION for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Defendant, Sarah M. Gray, owned and operated a coal mine in Knox county, Kentucky. Plaintiff, W. C. Sams, was an employe in the mine. On June 26, 1908, plaintiff, while in the entry of the mine, was severely injured by falling slate. He brought this action to recover damages. The jury returned a verdict in favor of the defendant. Judgment was entered accordingly, and plaintiff appeals.

According to the evidence for plaintiff, he was an experienced miner and had been employed in the mine in question six or eight years. His working place was in one of the rooms about 50 feet from the place where he was injured. On the morning of the accident he took some picks out of the mine for the purpose of having them sharpened. On returning from the outside he proceeded along the entry and met his "buddie." When they got to the place of the accident they found that

some slate had fallen from the side of the entry stump. Some coal had also fallen, and it was necessary to clean the coal and slate off before they could get the cars over the track. He and his buddie and the driver got the slate off. They then threw into the car the coal that had fallen. There was also a piece of coal sitting on the side of the stump where the slate fell. This they also put into the car. He then noticed a large lump of coal sticking to the bottom. When he reached for his pick to prize it off, the slate started to fall. His buddie said, "Look out," and they both jumped and the slate struck him on the shoulder. It also caught his foot on a tie and severely mashed it. The slate which was on the track had fallen while he was out of the mine. Plaintiff further stated that a stump was a block of coal between two room necks, left there to support the roof, and it was against the rules of the mine to dig coal from a stump.

According to the evidence for the plaintiff, as given by two witnesses who were present, plaintiff was actually digging coal from the entry stump at the time the slate fell. He first knocked off four or five little blocks. He then took his pick and knocked out a big block of coal, and then the slate fell. The slate fell from the side of the entry and its fall was brought about by the dislodgment of the coal. These witnesses also testified that it was contrary to the rules of the mine to dig coal from the entry stump, and while plaintiff was digging coal they warned him that the slate was loose and liable to fall. Defendant also proved by two witnesses that after his injuries plaintiff admitted to them that at the time of the accident he was digging coal from the entry stump.

The principal error relied on is the fact that the court suspended the trial of this case for two or three days, and in the meantime tried two or three other cases before juries, some of the members of which were jurors in this case, and on the re-assembling of the jury the court declined to discharge the jury when this fact was made to appear. It is well settled that the only way by which errors occurring on a trial can be brought here for review is by bill of exceptions. Bannon v. Louisville Trust Co. Admr., 150 Ky., 401; Louisville Ry. Co. v. Gaar, 112 S. W., 1130; Paducah Light Co. v. Bell, 85 S. W., 216; 27 Ky. L. R., 428; Geo. T. Stagg Co. v. Brightwell, 92 S. W., 8, 28 Ky. L. R., 1220. In this in-

stance the alleged misconduct of the trial court is not shown by the bill of exceptions, but appears only from an affidavit of plaintiff. That being true, it cannot be considered.

Considered in the light of the facts, we find no errors in the admission or rejection of testimony or in the instructions that will justify a reversal. It is manifest that the jury, being guided by the decided weight of evidence, took the view that plaintiff, at the time of the accident, was digging coal from the entry stump, contrary to the rules of the mine, and that his own negligence was the proximate cause of his injury.

Judgment affirmed.